2013 OK JUD ETH 1

**JUDICIAL ETHICS OPINION 2013–1.**

**No. 2013–1.**

Oklahoma Judicial Ethics Advisory Panel.

Oct. 1, 2013.

**Judicial Ethics Advisory Panel**

¶ 1 *Questions:*

1. May a judge camp, hunt, or fish on privately owned land without compensating the landowner?

2. May a judge stay at a cabin on private premises while hunting or fishing?

¶ 2 *Facts:*

These questions deal with camping, hunting, and fishing. The variables are in respect to the environment of the activities. You may assume the following facts:

1. No commercial activity for hunting or fishing is involved. No lands in question are leased for camping, hunting, or fishing.

2. No attorney who practices before this judge is involved.

3. Lands upon which camping, hunting, or fishing may take place are privately owned by friends or family of the judge.

4. No landowner is now, ever has been, and is not expected to be in the future, a litigant before this judge.

¶ 3 *Answer:* Yes.

¶ 4 *Discussion:*

Pursuant to the Oklahoma Code of Judicial Conduct, Canon 3, Rule 3.13(A):

A judge shall not accept any gifts, loans, bequests, benefits, or other things of value, if acceptance is prohibited by the Rules of the Ethics Commission or other law or would appear to a reasonable person to undermine the judge's independence, integrity, or impartiality.

¶ 5 Under Rule 3.13(B)(2):

Unless otherwise prohibited by the Rules of the Ethics Commission or other law, a judge may accept gifts, loans, bequests, benefits, or other things of value from close personal friends, relatives, or members of the judge's household and their relatives.

/s/Honorable Milton Craig, Chairman

/s/Honorable Robert E. Lavendar, Vice Chairman

/s/Honorable Vicki Robertson, Secretary